IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-11-4235-TUC-CKJ (BPV) |
| Plaintiff, | |
| vs. | **ORDER** |
| James Rayburn Johnson, | |
| Defendant. | |

On February 11, 2014, Magistrate Judge Bernardo P. Velasco issued a Report and Recommendation (Doc. 82) in which he denied Defendant's Motion to Dismiss the Petition for Supervised Release Violation. (Doc. 67). On February 25, 2014, Defendant filed Objections to Magistrate Judge Velasco's Report and Recommendation. (Doc. 86). The government filed a response on March 3, 2014. (Doc. 87).

**I.     STANDARD OF REVIEW**

The Court reviews *de novo* the objected-to portions of the Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error the un-objected to portions of the Report and Recommendation. *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 739 (7th Cir. 1999); See also *Conley v. Crabtree,* 14 F.Supp.2d 1203, 1204 (D.Or.1998).

## II.     ANALYSIS

In his Motion, Defendant moved to dismiss the allegation of a supervised release violation because the Court lacks jurisdiction over the matter. According to the Defendant, the Court had no jurisdiction over the offense of conviction because the indictment and the plea agreement lacked an essential element of the charged offense and as such, the Court lacks jurisdiction over the post-sentencing proceedings.

Defendant had previously raised this argument in a direct appeal of the district court's denial of his motion to withdraw his guilty plea before the Ninth Circuit Court of Appeals. In its memorandum, the Ninth Circuit Court of Appeals, applied the plain error test and determined that while the indictment did not explicitly allege that a federal law enforcement officer would have been contacted by the victim, the indictment included a citation to a federal statute, which should have put Defendant on notice of that element. As such, the Ninth Circuit Court of Appeals found that any deficiency in the indictment was cured by the statutory citation.

Additionally, the Ninth Circuit Court of Appeals reasoned that even if the plea colloquy was deficient by failing to ensure that a sufficient factual basis supported the notice to a federal law enforcement officer element of the charged offense, Defendant was not prejudiced by any error. The court explained that pursuant to the Supreme Court's opinion in *Fowler v. United States*, 131 S.Ct. 2045, 2048 (2011), all that is required is a showing that there was a reasonable likelihood that a relevant communication would have been made to a federal officer. *United States v. Johnson*, CA No. 12-10633. Finally, the Ninth Circuit Court of Appeals concluded that based on the plea colloquy, there was a reasonable likelihood that the victim's attempt to contact law enforcement would have resulted in referral to federal authorities.

Magistrate Judge Velasco's Report and Recommendation relied on the opinion from the Ninth Circuit Court of Appeals in denying Defendant's Motion to Dismiss the

Petition for Supervised Release Violation. In his Objection, Defendant argues that the Ninth Circuit Court of Appeals misinterpreted the Supreme Court's opinion in *Fowler* and essentially eliminated an element from the charged offense, thus, encroaching on the legislative's function. Defendant asks this Court to reject the Mandate from the Ninth Circuit Court of Appeals in this case and find that the Court does not have jurisdiction over the post-conviction proceedings because it did not have jurisdiction over the Defendant's offense of conviction.

Defendant has sought rehearing *en banc* in the Ninth Circuit Court of Appeals. However, at this time, the Mandate from the Ninth Circuit Court of Appeals is the law of this case. The matter which the Defendant raises before this Court was specifically addressed in a direct appeal before the Ninth Circuit Court of Appeals and the appellate court has ruled on this issue and upheld Defendant's conviction in this case. As such, Defendant's conviction and sentence are presently valid. S*ee generally Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Accordingly, after an independent review, IT IS ORDERED:

1. The Report and Recommendation (Doc. 82) is ADOPTED.
2. Defendant's Motion to Dismiss, (Doc. 67), is DENIED.

Dated this 17th day of March, 2014.

_____
Cindy K. Jorgenson
United States District Judge